Case 4:25-cv-01626   Document 13   Filed on 11/17/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GUTIERREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-1626 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

Pending before this Court is Defendant Allstate Vehicle and Property Insurance Company's ("Defendant") Motion to Compel Appraisal. (Doc. No. 5). Plaintiff Maria Gutierrez ("Plaintiff") did not respond to the motion. For the following reasons, Defendant's Motion to Compel Appraisal is **GRANTED**.

### I.

This is a residential property insurance case. Plaintiff claims her home suffered damage during the July 8, 2024, Hurricane Beryl weather event. (Doc. No. 5 at 1). Defendant is Plaintiff's home insurance carrier. (*Id.*). Plaintiff filed this lawsuit in the 270th Judicial District Court of Harris County, Texas, and Defendant timely removed the case to this Court, invoking diversity jurisdiction. (Doc. No. 1 at 1). Plaintiff alleges that Defendant denied or underpaid Plaintiff's insurance claims. (Doc. No. 1-1 at 7).

Due to a "disagreement" between the parties, Defendant notified Plaintiff it was "invoking appraisal" pursuant to the parties' insurance policy provision. (Doc. No. 5 at 1). Plaintiff's insurance policy has the following appraisal provision:

> **8. Appraisal.**
> If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire, then an umpire will be appointed . . .

(Doc. 5-2 at 46–47). Pursuant to this policy term, Defendant made a written demand for an appraisal to Plaintiff's counsel on April 11, 2025. (Doc. No. 5-1 at 2). In that demand, Defendant selected its appraiser. (*Id.*). As of May 12, 2025, Plaintiff had not provided the name of her chosen appraiser, thus delaying the appraisal process. (Doc. No 5 at 3).

## II.

Under Texas law, appraisal provisions are valid, and like any other contractual provision, they should be enforced. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). An appraisal provision "binds the parties to have the extent or amount of the loss determined in a particular way." *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). The parties do not dispute whether the appraisal provision is enforceable here, as indicated by Plaintiff's lack of response.

## III.

For the foregoing reasons, Defendant's Motion to Compel Appraisal is **GRANTED**, and Plaintiff is ordered to provide the name, address, and contact information of her chosen appraiser to Defendant no later than **December 5, 2025**.

It is so ordered.

Signed on this the 17th day of November 2025.

Andrew S. Hanen
United States District Judge

2